[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10189

_____

CAYETANO RODRIGUEZ DURAN,

Plaintiff-Appellant,

*versus*

SECRETARY OF STATE, UNITED STATES DEPARTMENT
OF STATE,
CHRISTOPHER LANDAU,
Ambassador, United States Embassy, Mexico City, Mexico,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-00995-SDM-SPF

_____

Before JILL PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Cayetano Rodriguez Duran appeals the district court's dismissal for failure to state a claim of his petition for a writ of mandamus. After careful review of the record and the parties' briefs, and with the benefit of oral argument, we affirm.

## I.    BACKGROUND

Duran, a lawful permanent resident of the United States, is married to Liliana Varela Rodriguez, a citizen of Mexico. Before their marriage, in 2007, Rodriguez entered the country without inspection. Shortly after her entrance, Customs and Border Protection processed Rodriguez for the initiation of removal proceedings but released her from custody on her own recognizance.

After the couple married, Duran submitted a Form I-130, (Petition for Alien Relative) to the United States Citizenship and Immigration Services, seeking to have his wife's status adjusted to that of lawful permanent resident. Since Rodriguez had initially entered the country without inspection, however, she was ineligible to apply for adjustment of status in the United States. In-

stead, Rodriguez was required to apply for an immigrant visa through the United States Consular Office in Ciudad Juarez, Mexico. Moreover, since Rodriguez entered the United States without inspection, she had assumed a period of unlawful presence, meaning that her departure to Mexico to pursue her visa would preclude her from returning to the United States. *See* 8 U.S.C. §1182(a)(9)(B)(i)(II) (deeming inadmissible any noncitizen who "has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of [her] departure or removal from the United States").

Rodriguez sought and received a provisional waiver of her inadmissibility so that she could attend her consular interview in Mexico. Following the interview, the consular officer rejected Rodriguez's visa application. The officer cited three reasons for the rejection. First, Rodriguez had made a false representation that she was a citizen of the United States, in violation of 8 U.S.C. §1182(a)(6)(C)(ii). Rodriguez "was apprehended while attempting to enter the United States by falsely declaring to be a U.S. citizen at [a] checkpoint in the state of Texas, in July 2007." Doc. 1-5 at 3.[1] Second, Rodriguez had knowingly encouraged, induced, assisted, abetted, or aided any other noncitizen to enter or to try to enter the United States, in violation of 8 U.S.C. §1182(a)(6)(E)(i). "According to [her] statements under oath, she assisted the illegal en-

---

[1] "Doc." numbers refer to the district court's docket entries.

try of her Mexican born child to the United States by hiring a smuggler to bring the child into the [country] in 2011." *Id.* Third, Rodriguez had accrued one year or more of unlawful presence in the United States prior to her departure to Mexico, in violation of 8 U.S.C. §1182(a)(9)(B)(i)(II). Rodriguez "stated under oath to entering without inspection to the United States in July 2007, rem[ai]ning illegally in the country until July 2019." *Id.*

As a result of these findings by the consular officer, Rodriguez's waiver of inadmissibility was revoked, and she was declared permanently ineligible for an immigrant visa.

Duran sought a writ of mandamus from the United States district court for the Middle District of Florida that would compel the Secretary of State "to adjudicate [Rodriguez's] application for an immigrant visa." Doc. 1 at 1. Duran explained that he was not asking the district court to review the decision of the consular officer but was instead requesting "review of the [consular office's] failure to abide by its own regulations." *Id.* at 10. He alleged that the rejection of his wife's application was due to misapplication of the law and procedural error. He also requested that the district court (1) require the Secretary of State to disclose the evidence that led to the consular officer's decision to reject the visa application and (2) conduct an in camera review of the evidence.

The Secretary of State moved to dismiss the petition. The Secretary argued that although Duran claimed he was not challenging the consular officer's decision and seeking review of it, in effect he was pursuing this end. The Secretary further argued that

the doctrine of consular non-reviewability barred the district court's consideration of Duran's petition. According to the Secretary, the doctrine applied because the consular officer provided "facially legitimate and bona fide" reasons for the decision to deny Rodriguez's visa application by citing three statutory grounds for inadmissibility. Thus, the Secretary asserted, the district court lacked subject matter jurisdiction over Duran's petition or, alternatively, the petition should be dismissed for failure to state a claim. Finally, the Secretary argued that the doctrine of consular non-reviewability prohibited the district court from ordering disclosure of evidence underlying the rejection of Rodriguez's visa application.

The district court dismissed Duran's petition. The court determined, based on the doctrine of consular non-reviewability, that Duran failed to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6).

This is Duran's appeal.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's decision to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6). *R&R Int'l Consulting LLC v. Banco do Brasil*, S.A., 981 F.3d 1239, 1243 (11th Cir. 2020).

## III.    DISCUSSION

Duran advances three arguments on appeal. First, he argues that the consular officer failed to provide a facially legitimate

and bona fide reason for the denial of his wife's immigrant visa application. Second, he argues that the doctrine of consular non-reviewability does not apply because the denial of his wife's visa application was the result of procedural error. Third, Duran argues that the district court erred in declining to conduct an in camera review of the State Department's evidence of statutory inadmissibility.

After this case was fully briefed, we decided an appeal in a similar case, addressing most of the challenges Duran makes in his appeal. *See Del Valle v. Sec'y of State*, 16 F.4th 832 (11th Cir. 2021). We first explain what happened in *Del Valle*; then, we address Duran's arguments.

## A. *Del Valle*

Del Valle, a United States citizen, filed a Form I-130 for her husband, a Mexican citizen. *Del Valle*, 16 F.4th at 836. After Del Valle's husband undertook the same series of steps Rodriguez took here—obtaining a provisional unlawful presence waiver and applying for an immigrant visa in Mexico—the consular officer rejected his visa application, citing three subsections of 8 U.S.C. § 1182. *Id.* First, citing § 1182(a)(6)(C)(i), the consular officer determined that "Mr. Del Valle had sought to obtain an immigration benefit by fraudulently or falsely misrepresenting a material fact to a consular or immigration official." *Id.* Second, citing § 1182(a)(6)(C)(ii), the officer ruled that "[Mr. Del Valle] had falsely represented himself to be a United States citizen." *Id.* And third, citing § 1182(a)(9)(B)(i)(II), the consular officer determined that

"[Mr. Del Valle] had unlawfully resided in the United States for over a year." *Id.* Aside from the citation to these subsections, the officer's decision contained no additional evidence or facts that supported the findings of inadmissibility. *Id.*

Del Valle, like Duran, filed in the district court a petition for a writ of mandamus against the State Department, challenging the consular officer's failure to cite any facts or evidence in support of the decision to reject her husband's visa application. *Id.* Specifically, Del Valle argued that the consular officer mistook her husband for someone else who had made a false statement. *Id.* Del Valle also requested that the district court conduct an in camera review of the evidence supporting the consular officer's decision. *Id.* Upon the government's motion, the district court dismissed the complaint, citing the doctrine of consular non-reviewability. *Id.* at 837.

We affirmed. *Id.* at 844. We explained that "[t]he doctrine of consular non-reviewability . . . bars judicial review of a consular official's decision regarding a visa application if the reason given is 'facially legitimate and bona fide.'" *Id.* at 835 (citing *Kleindienst v. Mandel*, 408 U.S. 753 (1972), and *Kerry v. Din*, 576 U.S. 86 (2015) (Kennedy, J., concurring in the judgment)). "[R]easons [for a consular officer's visa rejection] are (1) facially legitimate when they cite valid statutory provisions of inadmissibility and (2) bona fide when they identify the factual predicates that exist for a visa denial." *Id.* at 841.

We rejected Del Valle's argument "that because the consular official did not identify the real-world facts (the who, what, when, where, why, and how) that served as the basis for the visa denial, the government did not satisfy the bona-fide-reason prong." *Id.* We reasoned that "citation to a statutory inadmissibility provision meets both prongs of the standard where the provision specifies discrete factual predicates the consular officer must find to exist before denying a visa." *Id.* (internal quotation marks omitted). That is because "[w]here a statute provides specific factual predicates that the consular official must find for a determination of inadmissibility, a citation to the statute indicates that the government relied upon a bona fide factual basis for denying a visa." *Id.* (internal quotation marks omitted and alterations adopted). Because "each of the inadmissibility provisions cited in the notice of denial provided to Mr. Del Valle specifie[d] discrete factual predicates that the consular official must have found to exist to deny his visa application," the government relied upon a bona fide factual basis, and Del Valle's petition failed to state a claim. *Id.* at 842.

We also rejected Del Valle's argument that the consular non-reviewability doctrine did not forbid in camera review of the evidence on which the consular officer relied. *Id.* We noted that Del Valle attempted to frame the request as "not asking for substantive review of the consular official's decision" but rather to see if there was in fact a factual predicate for the decision. *Id.* "[U]npersuaded," we explained that Del Valle was "asking for a

merits examination of the consular official's determination—precisely the type of review that the consular non-reviewability doctrine forecloses." *Id.* "[A]bsent a plausible allegation of bad faith," which Del Valle did not make, "we cannot consider whether the consular official erred, because the [statutory] reasons provided in the notice of denial are facially legitimate and bona fide." *Id.* at 843.

With this background, we address the merits of Duran's arguments.

## B. Duran's Arguments

To review, Duran argues that the district court erred in rejecting his petition for three reasons: (1) the consular officer failed to provide a facially legitimate and bona fide reason for the visa application denial; (2) the consular officer committed procedural error, rendering the doctrine of consular non-reviewability inapplicable; and (3) the district court should have reviewed in camera the evidence upon which the consular officer relied. Our decision in *Del Valle* forecloses Duran's first and third arguments, and it bears on his second argument, which also lacks merit.

### 1. *Facially Legitimate and Bona Fide Reason*

Duran argues that the consular officer, by citing only to statutory inadmissibility provisions, failed to provide a facially legitimate and bona fide reason for denying his wife's visa application. Not so. "[R]easons [for a consular officer's visa rejection] are (1) facially legitimate when they cite valid statutory provisions of

inadmissibility and (2) bona fide when they identify the factual predicates that exist for a visa denial." *Del Valle*, 16 F.4th at 841. Duran concedes that the consular officer cited statutory grounds for his wife's inadmissibility and that this satisfies the first of the requirements *Del Valle* articulated. *See id.* And although Duran argues that the consular officer failed to identify a factual predicate for the visa denial beyond the statutory provision itself, we rejected this very argument in *Del Valle*, concluding that "citation to a statutory inadmissibility provision meets both prongs of the standard where the provision specifies discrete factual predicates the consular officer must find to exist before denying a visa." *Id.* (internal quotation marks omitted). Here, as in *Del Valle*, "each of the inadmissibility provisions cited in the notice of denial provided to [the applicant] specifie[d] discrete factual predicates that the consular official must have found to exist to deny [the] visa application." *Id.* at 842. For Duran's wife, these included the false representation of citizenship, *see* 8 U.S.C. § 1182(a)(6)(C)(ii), the knowing encouragement of a noncitizen to try to enter the United States, *see* 8 U.S.C. § 1182(a)(6)(E)(i), and the accrual of a year of more of unlawful presence within the United States*, see* 8 U.S.C. § 1182(a)(9)(B)(i)(II).[2] In light of *Del Valle*, the district

---

[2] Thus, although the Court in *Del Valle* recognized that there may be some circumstances in which the citation of a statutory inadmissibility provision is insufficient to satisfy the bona fide reason requirement—such as in a case where the provision "lack[s] discrete factual predicates," *Del Valle*, 16 F.4th at 842—this is not such a case.

court correctly determined, as a matter of law, that the consular officer provided a facially legitimate and bona fide reason for the application's denial.

## 2. Procedural Error

Next, Duran argues that the doctrine of consular non-reviewability does not preclude the district court from deciding whether the consular officer failed to follow federal regulations governing the visa application review process.[3] Under 22 C.F.R. § 42.81(c), which describes the procedures by which a visa application denial should proceed, "[i]f the grounds of ineligibility may be overcome by the presentation of additional evidence" and the applicant says she will submit this evidence, "a review of the refusal may be deferred" so that the evidence may be subject to further review. If refusal is deferred, "the principal consular officer at a post" or a designated alternate officer will review the refusal. *Id.* And "[i]f the principal consular officer or alternate does not concur in the refusal, that officer shall either (1) refer the case to the

---

Moreover, in this case the consular officer *did* state factual support for each statutory inadmissibility provision, albeit briefly. In crafting his argument, Duran apparently has ignored or overlooked this fact. As we have explained, however, no recitation of factual support for the statutory inadmissibility provisions was necessary in this case. So, we may assume for purposes of this opinion that Duran correctly characterizes the consular officer's decision as having been based solely on the statutory inadmissibility provisions.

[3] Duran concedes that he is not raising a due process claim.

Department for an advisory opinion, or (2) assume responsibility for final action on the case." *Id.*[4]

Duran argues that Rodriguez submitted additional evidence to establish that at least one of the statutory grounds for inadmissibility did not apply, but the consular officer nonetheless failed to review it and failed to defer the denial of the visa application and refer the case for an advisory opinion, in violation of § 42.81(c). Because of these alleged procedural errors, Duran argues, the doctrine of consular non-reviewability does not apply.

We disagree. Assuming for the sake of Duran's argument that there is an exception to the doctrine of consular nonreviewability for procedural error, he failed to state a claim, for three reasons. First, even if the determination of inadmissibility may be overcome by the presentation of additional evidence and the evidence is submitted, § 42.81(c) establishes no duty to consider, or defer for consideration of, that evidence. Rather, the provision states only that "a review of the refusal *may* be deferred." 22 C.F.R. § 42.81(c) (emphasis added). Second, the regulation imposes no duty to refer the case for an advisory opinion unless "the principal consular officer or alternate does not concur in the refusal," *id.*, and Duran did not allege that this was the case with the

---

[4] Further, although he maintained at oral argument that the consular officer also had violated 22 C.F.R. § 42.81(e), he did not allege such a violation in his petition for a writ of mandamus, so we do not address it here.

21-10189            Opinion of the Court            13

refusal of his wife's visa application. Third, even if the principal consular officer or alternate does not concur in the refusal, the reviewing consular officer is not required to refer the case for an advisory opinion. There is a second option that the principle or designated alternate officer can consider and pursue: "assume responsibility for final action on the case." *Id.* Duran failed to allege that *none* of the avenues permitted by the regulation was followed. Thus, he has not plausibly alleged a procedural violation.

### 3.  In Camera Review

Lastly, Duran argues the district court erred in failing to review in camera certain unspecified documents that allegedly were central to his claim because they contradicted the consular officer's cited grounds for his wife's inadmissibility. Importantly, Duran does not argue—nor did he allege in the district court— that the consular officer acted in bad faith. Applying *Del Valle,* the district court rightly declined to review the documents in camera. By requesting review of evidence to negate the existence of a factual predicate for inadmissibility, Duran "is asking for a merits examination of the consular official's determination—precisely the type of review that the consular non-reviewability doctrine forecloses." *Id.* at 842. Absent a plausible allegation of bad faith, which Duran did not make, this Court "cannot consider whether the consular official erred." *Id.* at 843.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**